Ira Spiro (State Bar No. 67641)
Gregory E. Givens (State Bar No. 212348)
**SPIRO MOSS LLP**
11377 W. Olympic Blvd., 5th Floor
Los Angeles, CA 90064-1683
Telephone: (310) 235-2468
Fax: (310) 235-2456
ira@spiromoss.com

Sahag Majarian II (State Bar No. 146621)
**LAW OFFICES OF SAHAG MAJARIAN II**
18250 Ventura Boulevard
Tarzana, CA 91356
Telephone: (818) 609-0807
Fax: (818) 609-0292
sahagii@aol.com

Attorneys for Plaintiff Xochilt Lopez

JS-6

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| XOCHILIT LOPEZ, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> SMG a general partnership, HYATT HOTEL CORPORATION; ARAMARK CORPORATION; and DOES 1 through 40, inclusive, <br><br> Defendants. | CASE NO.: CV 06-3304-VBF (FMOx) <br> **CLASS ACTION** <br> JUDGMENT <br><br> Date: September 10, 2009 <br> Time: 1:30 p.m. <br> Judge: Hon. Valerie Baker Fairbank |

JUDGMENT

On September 10, 2009, a hearing was held on the motion of plaintiff Xochilt Lopez ("Plaintiff") for final approval of the class action settlement set forth in the Amended Settlement Agreement (reached with defendant SMG ("SMG") that was preliminarily approved by the Court on May 4, 2009 (the "Agreement"). Due and adequate notice having been given to the Class, and the Court having read and considered the Agreement, the papers on the motion, the arguments of counsel, and the law, and having reviewed the record in this litigation, and good cause appearing therefore, Plaintiff's motion is hereby GRANTED, and

IT IS ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

1. The Court, for purposes of this Judgment and Order of Dismissal ("Judgment"), adopts all defined terms as set forth in the Agreement.

2. The Court has jurisdiction over the subject matter of the litigation, the Class Representative, the other Members of the Settlement Class, and SMG.

3. The Court finds that the distribution of the Class Notice, as provided for in the Order Granting Preliminary Approval for the Settlement and Setting Hearing on Proposed Settlement, constituted the best notice practicable under the circumstances to all Persons within the definition of the Class and fully met the requirements of due process under the United States Constitution and California law. Based on evidence and other material submitted in conjunction with the Settlement hearing, the actual notice to the Class was adequate. The Court further finds that the Settling Parties have satisfied the requirements of notice to pertinent government agencies set forth in the federal Class Action Fairness Act.

4. The Court finds that the instant litigation presented a good faith dispute over meal and rest period issues, the payment of wages, and other relief, and the Court finds in favor of settlement approval.

5.      The Court approves the settlement of the above-captioned action, as set forth in the Agreement, each of the releases and other items, as fair, just, reasonable, and adequate as to the Settling Parties. The Settling Parties are directed to perform in accordance with the terms set forth in the Agreement.

6.      Except as to any individual claim of those Persons (identified in Attachment A hereto) who have validly and timely requested exclusion from the Settlement Class, all of the Released Claims are dismissed with prejudice as to the Class Representative and all of the other members of the Settlement Class. The Settling Parties are to bear their own attorneys' fees, except as otherwise provided in the Agreement.

7.      Solely for purposes of effectuating this settlement, this Court has certified a class of defined as follows: all persons employed as hourly or non-exempt employees in California by SMG, a Pennsylvania General Partnership, at the Ontario Convention Center at any time from April 20, 2002 through and including August 31, 2008, regardless of whether such persons are currently employed by SMG. The Court deems this definition sufficient for purposes of due process and Rule 23.

8.      With respect to the Settlement Class and for purposes of approving this settlement only, this Court finds and concludes that: (a) the Members of the Settlement Class are ascertainable and so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the Settlement Class, and there is a well-defined community of interest among Members of the Settlement Class with respect to the subject matter of the litigation; (c) the claims of the Class Representative are typical of the claims of the Members of the Settlement Class; (d) the Class Representative has fairly and adequately protected the interests of the Members of the Settlement Class; (e) a class action is superior

to other available methods for an efficient adjudication of this controversy; and (f) the counsel of record for the Class Representatives, i.e., Class Counsel, are qualified to serve as counsel for the plaintiffs in their individual and representative capacities and for the Settlement Class.

9. By this Judgment, the Class Representative shall release, relinquish and discharge, and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims (including Unknown Claims). This litigation is hereby dismissed with prejudiced.

10. Neither the Agreement nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Agreement or the settlement; (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of SMG or any of the SMG Releasees; or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of SMG or any of the SMG Releasees in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.  In the event that the Effective Date does not occur, SMG shall not be estopped or otherwise precluded from contesting class action certification in the litigation on any grounds.  SMG or any of the SMG Releasees may file the Agreement and/or the Judgment from this Litigation in any other action that may be brought against it or them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

11. The only Settlement Class Members entitled to payment pursuant to this Judgment are Participating Claimants.  Neither the Agreement nor this

Judgment will result in the creation of any unpaid residue or residual, and any funds that would have been paid to Class Members had they become Participating Claimants that are not claimed shall remain the property of SMG.

12. Class Counsel is awarded the sum of $ 112,500.00 in attorneys' fees and reimbursement of their costs and other expenses of litigation. SMG is directed to make this payment in accordance with the terms of the Agreement and any order issued prior to or in conjunction with this Judgment.

13. SMG has agreed to pay Plaintiff Xochlit Lopez the sum of $5,000 to reimburse her for her unique services and her personal claims. The Court finds that this agreement, as set forth in the Agreement, is fair and reasonable. SMG is directed to make this payment in accordance with the terms of the Agreement and any order issued prior to or in conjunction with this Judgment.

14. This Court reserves exclusive and continuing jurisdiction over the litigation, the Class Representative, the Settlement Class, and SMG for the purposes of supervising the implementation, enforcement, construction, administration, and interpretation of the Agreement, and this Judgment.

15. This document shall constitute a judgment (and separate document constituting said judgment) for purposes of Rule 58 of the Federal Rules of Civil Procedure.

Dated:  September 10, 2009

*Valerie Baker Fairbank*
Hon. Valerie Baker Fairbank
United States District Court Judge

JUDGMENT
4